IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROCKY EUGENE RILEY,**

        **Plaintiff,**

    **v.**                                    CASE NO. 18-3148-SAC

**CRAWFORD COUNTY JAIL,**

        **Defendant.**

MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff proceeds pro se and seeks leave to proceed in forma pauperis.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

Because plaintiff states that jail staff refuses to provide a statement of his financial history, the Court will grant provisional

leave to proceed in forma pauperis. Plaintiff is advised that he remains obligated to pay the filing fee.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action

supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombley* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The Court has completed its initial review of the complaint and has identified the following deficiencies.

First, the sole defendant named in the complaint is the Crawford County Jail. Section 1983 provides a remedy for federal violations committed by "persons" acting under the authority of state law.

However, because a county jail is not a "person" that is a suable entity, the jail is not a proper party and must be dismissed. *See Aston v. Cunningham*, 2000 WL 796086, *4 n. 3 (10th Cir. June 21, 2000)(unpublished)(stating that jail would be dismissed as a defendant "because a detention facility is not a person or legally created entity capable of being sued").

To proceed in this matter, plaintiff must provide an amended complaint that identifies individual defendants and explains how the acts or omissions of these individuals violated his protected rights.

Next, as a prisoner, plaintiff is entitled to adequate medical care[1]. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The failure to provide adequate medical care to an incarcerated person violates the Constitution if prison or jail officials act "with deliberate indifference to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Deliberate indifference requires more than a showing of negligence or even medical malpractice, *Estelle*, 429 U.S. at 106, and the deliberate indifference inquiry involves both an objective and a subjective determination. First, the prisoner plaintiff must show that the medical need in question was "sufficiently serious." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Then, the prisoner must show that the defendant prison officials acted with a "culpable state of mind." *Id.*

Accordingly, plaintiff's amended complaint should address both of his claims and should describe specific conduct that supports a claim of deliberate indifference in the denial of medical care.

---

[1] It appears that plaintiff is a pretrial detainee. If so, his right to adequate medical care is secured by the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 545 (1979). However, the deliberate indifference standard of the Eighth Amendment is the benchmark applied by the courts in evaluating a claim of constitutionally inadequate medical care made by a person in pretrial detention. *See Estate of Booker v. Gomez*, 745 F.3d 405, 429 (10th Cir. 2014).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. #2) is provisionally granted. Plaintiff remains obligated to pay the filing fee in this matter.

IT IS FURTHER ORDERED that on or before August 17, 2018, plaintiff shall submit an amended complaint that addresses the deficiencies identified in this order. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 17th day of July, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge