# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ROCKY E. RILEY,**

            **Plaintiff,**

    v.                                 CASE NO. 18-3148-SAC

**RYAN DEAL, et al.,**

            **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, now a prisoner in state custody, proceeds pro se and in forma pauperis. The matter comes before the Court on plaintiff's amended complaint.

### Nature of the Complaint

The amended complaint names two defendants: Lieutenant Ryan Deal and Sergeant Charlotte Westhoff, both employed at the Crawford County Jail. The events described in the amended complaint took place during plaintiff's incarceration in that facility.

The complaint alleges that for seven days, plaintiff received double doses of medication for his cancer. Then, a few days later, those medications, along with other medications for plaintiff's mental health, were stopped. Plaintiff states that his attorney assisted in having the mental health medication resumed, and he contends the mental health medications were stopped without medical advice.

In Count 1, plaintiff alleges he was overdosed and then removed from medication without medical advice. However, in the supporting facts, plaintiff states that defendant Westhoff called his oncologist

and "had [him] come in over the overdose" (Doc. 6, p. 3).

In Count 2, plaintiff alleges his mental health treatment was denied. He contends that "they" claimed his oncologist, Dr. Ping, stopped the mental health medication, but that Dr. Ping has denied this.

Plaintiff seeks damages.

**Discussion**

Plaintiff's right to medical care arises from the Eighth Amendment[1], which requires the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). This obligation does not guarantee a prisoner "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, to establish a constitutional deprivation, a prisoner must show that he suffered "acts or omissions sufficiently harmful to evidence deliberate indifference to [the prisoner's] serious medical needs." *Estelle*, 429 U.S. at 106. Caselaw in the Tenth Circuit has identified "two types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition properly; and (2) a prison official preventing an inmate from receiving medical treatment or denying access to medical personnel capable of evaluating the inmate's condition." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir. 2006).

The standard applied to medical claims under the Eighth Amendment

---

[1] It is unclear whether plaintiff was a pretrial detainee at the time of the events described. Under the due process clause of the Fourteenth Amendment, a pretrial detainee is "entitled to the degree of protection against denial of medical attention which applies to convicted inmates" under the Eighth Amendment. *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985). The Tenth Circuit applies the same standard of deliberate indifference to serious medical needs to claims brought under the Eighth Amendment by convicted prisoners and the Fourteenth Amendment by pretrial detainees. *See, e.g., Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

is limited in several respects. First, "the negligent failure to provide adequate medical care, even one constituting medical malpractice, does not give rise to a constitutional violation." *Self*, 439 F.3d at 1233 (internal quotation marks omitted). Next, a disagreement between a prisoner and medical personnel concerning the prisoner's "diagnosis or a prescribed course of treatment" is insufficient to state a constitutional violation. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir.1999). And where a claim alleges delay in treatment rather than a denial, the prisoner must show "substantial harm" as a result of the delay in order to state a claim for relief. *Van Riper v. Wexford Health Sources, Inc.,* 67 F. App'x 501, 503 (10th Cir. 2003). This showing "may be satisfied by lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

The complaint alleges that plaintiff was overmedicated between May 11, 2018, and May 18, 2018, when unnamed jail staff gave him double dosages of the drug imatinib. Plaintiff does not suggest the overdosing was intentional. Medical records attached to the complaint reflect that plaintiff was seen by a physician on the day after his medications ran out. This follow up visit occurred one week early because plaintiff had run out of medications. The interval history from that evaluation contains the statement, "He is doing well in general but has some right flank pain." (Doc. 1, Attach. 2, p. 3, General Progress Note (Physician)). The notes also explain that the oncologist had recommended that the dosage of plaintiff's psychiatric medications be reduced to address side effects possibly arising from medication interactions but had not recommended discontinuing his psychiatric medications.

While the errors in dosage of plaintiff's medications implicate serious medical conditions, there is no showing that the errors resulted from more than negligence or that plaintiff sustained any serious injury as a result. As stated, notes from the evaluation showed that plaintiff was "doing well in general" despite the errors. Likewise, while plaintiff did not receive his mental health medication for several days, he states that his attorney was able to have the medications reinstated, and while that period no doubt was difficult, he has not identified a serious injury arising from the short interval in which he did not receive them.

For these reasons, the Court is considering the dismissal of this matter for failure to state a claim for relief. Plaintiff will be given an opportunity to show cause why that dismissal should not be entered.

### Motion to appoint counsel

Plaintiff moves for the appointment of counsel (Doc. 8). There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir.

1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

The Court has considered the record in light of these standards and will deny the motion to appoint counsel. The issues in this matter do not appear to be especially complicated, and the plaintiff appears to be capable of presenting his claims.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff is granted to and including **April 17, 2020,** to show cause why this matter should not be dismissed for the reasons set out. The failure to file a timely response may result in the dismissal of this matter without additional notice.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 8) is denied.

**IT IS SO ORDERED**

DATED:  This 17th day of March, 2020, at Topeka, Kansas.

S/Sam A. Crow
SAM A. CROW
U.S. Senior District Judge